to do so, was, in a sense, interested in giving a good reason why he had not done so."

I think that, even if the court erred in its charge, which I am not entirely prepared to say, the errors were sufficiently corrected by the subsequent qualifications and charges delivered at the request of the defendant.

The judgment and order should be affirmed, with costs. All concur.

---

FILBERT v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. INJURY TO BRAKEMAN—ABSENCE OF BUMPERS ON CARS—NEGLIGENCE.

A railroad company is not, chargeable with negligence to a head brakeman of a freight train, caught and crushed between two cars of his train in a collision with another train, in not furnishing him a safe place to work, in that the cars were not furnished with bumpers to keep them apart; freight cars being usually and frequently constructed without bumpers; there being no defect in material or construction which could have been discovered by ordinary care in inspection; the cars having automatic couplers, so that a brakeman need not go between them, except where the coupling failed to work, and there being no evidence of a defect in the coupling; and the train having at the time been approaching, and within a short distance of, yard limits, making it, under the rules of the company, the duty of the head brakeman to be at the head end of the train, and on top of the cars, and there being no evidence that he had any reason for being between the cars.

Appeal from Trial Term.

Action by Delia Filbert, administratrix of William Filbert, deceased, against the New York, New Haven & Hartford Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Robert H. Barnett, for appellant.
Walter C. Anthony, for respondent.

WOODWARD, J. The plaintiff in this action was nonsuited, and she is entitled to a liberal construction of the evidence in support of her theory of the case, but under the most liberal of rules we are unable to discover any cause of action. William Filbert, plaintiff's intestate, was engaged as a brakeman on one of the defendant's freight trains on the 20th day of October, 1899, and on that day was crushed between two freight cars, owing to a collision between the train on which he was employed and another train of the defendant. The alleged negligence upon which reliance is placed is that the defendant did not provide the plaintiff with a reasonably safe place in which to perform his services, the theory being that there was a defect in the construction of the two cars between which the plaintiff's intestate was caught and killed. These cars were equipped with automatic brakes, and the plaintiff's own witness testified that these cars "were not built with bumpers. It is a fact that freight cars are now

built usually and frequently without bumpers." There was no modification of this testimony, nor was there any evidence that cars constructed upon the model of those in use on this occasion were less safe than those supplied with bumpers. The case was equally devoid of evidence that these particular cars had any defects in the details of their construction, or that there were inherent defects in the materials. We thus have the case of cars constructed upon the usual and frequently accepted plans, with no evidence that such cars were inherently more dangerous than other cars commonly in use, with no evidence that there were any defects in the materials or in construction which could have been discovered by the use of ordinary care in inspection, and yet, because the plaintiff's intestate in a collision was caught between two of such cars and crushed to death, an effort is made to go to the jury upon the theory that the defendant was negligent in not providing cars which would withstand the force of the collision and keep the cars a sufficient distance apart to protect the brakeman who happened to be between them. But if there was ground for negligence in the fact that the cars did not withstand this impact of the collision, the case would still be deficient in evidence. The evidence is that these cars were equipped with automatic couplers, which did not require brakemen to go between them except in those instances in which the coupling failed to work, and there is not only no evidence of any defect in the coupling, but it appears that the train was entirely coupled up and had been running for a considerable distance, and that the rules of the defendant made it the duty of the head brakeman (this being the position of plaintiff's intestate), as yard limits were approached, to be at the head end of his train, and on top of the cars. The evidence is that the train on which the plaintiff's intestate was employed was approaching the yard limits at Hopewell Junction, N. Y.; that he was within a few hundred feet of such yard limits when the accident occurred; and there is not the slightest evidence to show that he had any reason for being between these cars, or that the defendant had required him to be there. His place to work was on top of the cars, and, in the absence of some evidence explaining his position between the cars, there is no possible foundation for a judgment in favor of the plaintiff, because there is no ground for an inference of lack of negligence contributing to the accident.

Various offers of evidence in the form of hypothetical questions were rejected upon the trial, and very properly, for in no instance did the questions rest upon a basis supported by the evidence, and, if all of the evidence had been admitted, and it had met the fullest expectations of the plaintiff's counsel, it could not have justified a submission of the case to the jury. The defendant, in the exercise of reasonable care to provide a reasonably safe place to work, is not bound to provide freight cars which cannot be crushed together in a collision; and especially so when there is no evidence to show that the defendant required the employé to work between such cars. Conceding that, if there had been a necessity for the plaintiff's intestate to go between the cars, there might have been some duty to see that the cars were in proper condition, there was no such duty imposed

upon the circumstances disclosed by the evidence in this case, where the train was coupled up and had been run between two stations at least, and it was concededly the duty of plaintiff's intestate, at the point where this accident occurred, to be on top of the cars. No reason appears why he should not have been on top of the cars, and, whatever duty may have been owing to some one who was required by his duties to be between the cars, no such obligation existed under the facts of this case, and all of the evidence sought to be brought out in reference to the probable speed of trains and the amount of resistance which properly equipped cars might be expected to withstand was immaterial, and was properly excluded.

The judgment appealed from should be affirmed, with costs. All concur; BARTLETT, J., in result.